IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-173-GPM |
| | ) |
| AMBER TUCKER and MARION COUNTY TREASURER, | ) ) |
| | ) |
| Defendants. | ) |

# JUDGMENT DECREE AND ORDER
# DIRECTING SALE OF MORTGAGED PROPERTY

**MURPHY, Chief District Judge:**

An order of default having been entered against Defendants, the Court **GRANTS** the motion for default judgment and finds as follows:

1. The Court has jurisdiction of the parties to and subject matter of this suit. The Defendants were properly served and failed to answer or otherwise enter any appearance. The Clerk entered default against them on October 13, 2005 (*see* Doc. 13).

2. The United States of America, acting through the United States Department of Agriculture, Rural Development (formerly Farmers Home Administration), made a loan to Amber L. Tucker, secured by mortgages dated December 14, 1999, and May 4, 2000, in the total principal amount of $57,700.00 (Exs. A and B). This loan is evidenced by a promissory note dated December 14, 1999 (Ex. C). On December 15, 2003, date of notice of acceleration, the United States of America, acting through the United States Department of Agriculture, Rural Development,

issued a notice of acceleration (Ex. D).  The mortgages were recorded on December 20, 1999, and May 8, 2000.

    3.       The Marion County Treasurer may have claimed an interest in the above-described property but is foreclosed from asserting its claim, if any, because of its default.

    4.       By virtue of the mortgage and indebtedness thereby secured, Plaintiff United States of America has a valid and subsisting lien as follows:

> Common address: 202 South Fayette, Sandoval, Illinois 62882
>
> A parcel of land located in the Northeast Quarter of the Southeast Quarter of Section 18, Township 2 North, Range 1 East of the Third Principal Meridian, more particularly described as follows: Commencing at an existing stone located at the Northwest corner of Lot 16, Block 2 of the Middleton's Addition to Sandoval, Illinois, thence in a Westerly direction a distance of 30 feet to the point of beginning, thence due South assumed, a distance of 120 feet, thence South 88 32'37" West, a distance of 143 feet, thence North 00 03'15" West, a distance of 123.75 feet, thence South 89 59'08" East, a distance of 143 feet to the point of beginning, situated in the Village of Sandoval, County of Marion, in the State of Illinois.

    5.       By virtue of the mortgage and the indebtedness thereby secured, as alleged in the Complaint, there is due Plaintiff United States of America as follows:

    (a)      For its own use and benefit for the costs of this suit and for:

| | |
|---|---|
| U.S. Attorney's docket and recording fees . . . . | $ 280.00 |
| U.S. Marshals costs for service of summons . . . | $ 185.22 |
| Title expenses | $ 263.00 |
| TOTAL | $ 728.22 |

    (b)      For the use and benefit of Plaintiff, holder of the note secured by the mortgage aforesaid, but subject and subordinate to the lien for payment of the items mentioned in subparagraph (a) of this paragraph:

|  |  |
|---|---|
| Unpaid principal balance .................. | $ 58,026.38 |
| Subsidy recapture paid .................... | $ 4,925.56 |
| Unpaid balance of interest as of October 25, 2005 | $ 14,004.63 |
| Total amount due Plaintiff as of October 25, 2005, exclusive of foreclosure costs .............. | $ 76,956.57 |

(c) In addition, Plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses, and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs of procuring abstracts of title, certificates, foreclosure minutes, and a title insurance policy.

(d) Under the terms of the mortgage, all such advances, costs and other fees, expenses and disbursements are made a lien upon the mortgaged real estate and Plaintiff is entitled to recover all such advances, costs, expenses and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

(e) In order to protect the lien of the mortgage, it may or has become necessary for Plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

(f) In order to protect and preserve the mortgaged real estate, it may also become necessary for Plaintiff to make such repairs to the real estate as may reasonably be deemed for the proper preservation thereof.

(g) Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

6. Marion County, Illinois, has a valid lien on the above-described property for taxes for the year 2003, 2004, and 2005, and the property will be sold subject to the interest of Marion County resulting from taxes, general or special, which are a valid lien against the above-described property.

IT IS ORDERED that judgment is entered against Amber Tucker for $77,684.79, and unless Defendants and their assigns and successors in interest to the above-described property pay to Plaintiff United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, within three days from the date of this decree the sum of $77,684.79 with attorney's fees and court costs with lawful interest to be computed thereon from this date until paid, the real estate described in paragraph 4 of this decree shall be sold at public sale to the highest bidder for 10% at time of sale and balance within 72 hours, subject to taxes, general or special, due and owing to Marion County, Illinois, by the United States Marshal for the Southern District of Illinois at the front door of the Marion County Courthouse in the City of Salem, Illinois.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that judgment is entered in favor of the United States and against the Marion County Treasurer.  The real estate shall be sold free and clear of any claimed lien of the Marion County Treasurer.

IT IS FURTHER ORDERED that the United States Marshal for the Southern District of Illinois give public notice of the time, place, and terms of such sale, together with a description of the premises as referred to in paragraph 4 of this decree to be sold, by previously publishing the same once each week for three (3) consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such sale; that said United States Marshal may adjourn the sale so advertised by giving public notice by proclamation; that Plaintiff or any of the parties to this cause may become the purchaser or purchasers at such sale; that upon such sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of sale and that said certificate of purchase shall be freely assignable by endorsement thereon.

This is a foreclosure of a mortgage of residential real estate.

The amount required to redeem shall consist of the total balance due as declared above plus interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential real estate is a mortgagor who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS § 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The redemption period shall end at the later of the expiration of any reinstatement period provided for in 735 ILCS § 5/15-1602 or the date 60 days after the date the judgment of foreclosure is entered since the value of the mortgaged real estate as of the date of the judgment is less than 90% of the amount due, and the mortgagee waives any and all rights to a personal deficiency judgment against the mortgagor and against all other persons liable for the indebtedness or other obligations secured by the mortgage.

IT IS FURTHER ORDERED that out of the proceeds of such sale the United States Marshal shall retain his disbursements and fees, and out of the remainder of said proceeds he shall pay to Plaintiff $77,684.79, together with lawful interest to be computed thereon to the date of this decree and any court costs of this action in its behalf. Said United States Marshal shall take receipts from the respective parties from whom he may make payments aforesaid and file the same together with his report of sale to this Court, and in case said property shall sell for a sum more than sufficient to

make the aforesaid payments, then after making said payments he shall bring such surplus monies into Court without delay for further distribution by order of this Court.

IT IS FURTHER ORDERED that from the date of entry of this judgment of foreclosure through the 30th day after a foreclosure sale conducted pursuant to this judgment is confirmed by this Court, the mortgagor shall be entitled to retain possession of the above-described real estate. After the 30th day said foreclosure sale is confirmed, the holder of the certificate of sale shall be entitled to immediate possession of the real estate upon payment of the sale purchase price, without notice to any party or further order of the Court. The mortgagors shall peaceably surrender possession of said property to said certificate holder immediately upon expiration of said 30-day time period. In default of mortgagor so doing, an order of ejectment shall issue.

IT IS FURTHER ORDERED that upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto. Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

IT IS FURTHER ORDERED that if the monies arising from said sale shall be insufficient to pay sums due to Plaintiff with interest as aforesaid after deducting the costs as aforesaid, said United States Marshal shall specify the amount of said deficiency in his report.

IT IS FURTHER ORDERED that the Court hereby retains jurisdiction of the subject matter of this cause and the parties thereto for the purpose of enforcing this decree and that said United States Marshal shall report his actions and doings in the premises in this Court at the earliest possible time.

DATED:  12/08/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge